NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO VASQUEZ VALLE, AKA Silvano Vasquez Valle, AKA Pedro Vasquez, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 16-70977 <br><br> Agency No. A095-747-678 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Pedro Vasquez Valle, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing Vasquez's appeal

from an immigration judge's decision denying Vasquez's application for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

Vasquez's asylum claim fails because he filed his asylum application outside the one-year deadline, and the record does not compel the conclusion that he established changed or extraordinary circumstances to excuse the untimely filing. 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.4(a)(4)-(5).

The BIA did not err in finding that Vasquez did not establish membership in a cognizable social group of "returning Mexican nationals of perceived wealth." *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *Barbosa v. Barr*, 926 F.3d 1053, 1059 (9th Cir. 2019) (returnees with perceived wealth is not a cognizable social group). Vasquez waived any challenge to the agency's finding that he failed to show nexus as to his social group of family by omitting it from his opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

2

Substantial evidence supports the agency's conclusion that Vasquez otherwise failed to establish he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Our conclusion is not affected by the differing nexus standards applicable to asylum and withholding of removal claims. *Cf. Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (discussing *Zetino v. Holder* having drawn no distinction between the standards where there was no nexus at all to a protected ground). Thus, Vasquez's withholding of removal claim fails.

Vasquez waived any challenge to the agency's denial of his CAT claim by omitting it from his opening brief. *Martinez-Serrano*, 94 F.3d at 1259-60.

**PETITION FOR REVIEW DENIED.**